People v Smith-Jones (2018 NY Slip Op 05206)





People v Smith-Jones


2018 NY Slip Op 05206


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-00915
 (Ind. No. 4381/14)

[*1]The People of the State of New York, respondent,
v
Abdul Smith-Jones, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew D'Emic, J.), imposed December 14, 2015, upon his plea of guilty, on the ground that the period of postrelease supervision imposed as part of the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 137; People v Johnson, 109 AD3d 1004). The Supreme Court's limited colloquy did not ensure the defendant's understanding of the distinction between the right to appeal and the other rights that are automatically forfeited on a plea of guilty. Thus, the waiver does not preclude review of the defendant's excessive sentence claim. However, the period of postrelease supervision imposed as part of the sentence was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., ROMAN, COHEN, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court